

CMS: USAO 2021R00129

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  |
| | * | |
| SHANTE BUCHANAN | * | (Mail Fraud, 18 U.S.C. § 1341; |
| | * | Aggravated Identity Theft, 18 U.S.C. |
| Defendant. | * | § 1028A; Aiding and Abetting, 18 |
| | * | U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853(p), |
| | * | and 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNTS ONE THROUGH THREE
(Mail Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **SHANTE BUCHANAN ("BUCHANAN")** was a resident of Maryland.

2. Business 1 was a credit card company headquartered in New York.

3. Individual 1 was a Business 1 cardholder and resident of California.

4. Individual 2 was a Business 1 cardholder and resident of New York.

5. Saks Fifth Avenue was a department store chain and retailer headquartered in New York.

6. Nordstrom was a department store chain and retailer headquartered in Washington State.

1

7. United Parcel Service was a private or commercial interstate carrier.

8. FedEx was a private or commercial interstate carrier.

### The Scheme to Defraud

9. Beginning on or about February 8, 2018 and continuing through on or about January 12, 2022, in the District of Maryland and elsewhere, the defendant,

**SHANTE BUCHANAN,**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud Business 1 and its genuine cardholders, and to obtain money and property from Business 1 and retailers by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

10. **BUCHANAN** contacted Business 1 cardholders and claimed to be a Business 1 employee.

11. **BUCHANAN** told Business 1 cardholders that there had been fraudulent charges made or that they needed to verify charges made on their credit cards.

12. **BUCHANAN** elicited personal identifying information from the Business 1 cardholders, including their names, dates of birth, social security numbers, home addresses, and credit card numbers associated with Business 1.

13. Once in the possession of the Business 1 cardholders' personal identifying information, **BUCHANAN** changed the contact information associated with the credit card to her own contact information or to email addresses and phone numbers that she controlled.

14. **BUCHANAN** then made purchases from retailers using the cardholders' credit card information.

15. **BUCHANAN** called Business 1, claiming to be the cardholder to get the transactions approved that Business 1 had flagged as fraudulent.

16. **BUCHANAN** had purchases that she made using the cardholders' credit card information shipped to locations that she controlled, including an address in Lanham, Maryland.

## The Charge

17. On or about the dates below, in the District of Maryland and elsewhere, the defendant,

**SHANTE BUCHANAN,**

for the purpose of executing and attempting to execute the scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, did knowingly cause to be delivered by mail and by private or commercial interstate carrier according to the direction thereon any matter and thing as further described below:

| Count | Date | Carrier | Contents | Delivered To |
|---|---|---|---|---|
| 1 | June 18, 2020 | United Parcel Service | Approximately $4,500 in merchandise from Saks Fifth Avenue | Lanham, Maryland |
| 2 | January 6, 2021 | FedEx | Approximately $2,712.40 in merchandise from Nordstrom | Lanham, Maryland |
| 3 | January 7, 2021 | FedEx | Approximately $645.40 in merchandise from Nordstrom | Lanham, Maryland |

18 U.S.C. § 1341
18 U.S.C. § 2

## COUNT FOUR
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.  Paragraphs 1 through 16 of Counts One through Three are incorporated here.

### The Charge

2.  From at least on or about June 3, 2020 and continuing to at least on or about June 23, 2020, in the District of Maryland and elsewhere, the defendant,

**SHANTE BUCHANAN,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, mail fraud, in violation of 18 U.S.C. § 1341, as charged in Count One and incorporated here—knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to a real person, that is, Individual 1's name and credit card number.

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT FIVE
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 16 of Counts One through Three are incorporated here.

### The Charge

2. From at least on or about January 6, 2021, and continuing to at least on or about January 7, 2021, in the District of Maryland and elsewhere, the defendant,

**SHANTE BUCHANAN,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, mail fraud, in violation of 18 U.S.C. § 1341, as charged in Counts Two and Three and incorporated here—knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, Individual 2's name, credit card security code, and date of birth.

18 U.S.C. § 1028A
18 U.S.C. § 2   .

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under any of the offenses alleged in Counts One through Three of this Indictment.

### Mail Fraud Forfeiture

2. Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, the defendant,

**SHANTE BUCHANAN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

### Substitute Assets

3. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

                                              */ELB*
                                      Erek L. Barron
                                      United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson                            Date: 7/25/2024